IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LYNN E. MOSTOLLER,** *as Special Administrator*
*of the Estate of Carlos Rafael Velazquez, Deceased*,

      **Plaintiff,**

                                                                                               Civ. No. 22-107 JFR/LF

      v.

**RAVINDRA A. DEO,** *in her Official Capacity as Executive*
*Director of the Federal Thrift Investment Board, an Agency*
*of the United States*, **AND FEDERAL THRIFT SAVINGS**
**FUND,** *an Agency of the United States*,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss Second Amended Complaint or in the Alternative Motion for Summary Judgment* ("Motion") (Doc. 60), filed March 26, 2024.  Plaintiff responded in opposition on April 16, 2024, and Defendants replied on April 30, 2024.  Docs. 63, 64.  The Motion is ripe for decision.  Doc. 65.  Having considered the pleadings, with the benefit of hearing,[2] and being otherwise sufficiently advised in the premises, the Court finds the Motion well-taken, and therefore it is **GRANTED.**  Plaintiff's Second Amended Complaint ("Complaint") is **DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction over her claims.

---

[1]     Pursuant to 28 U.S.C. § 636(c) and Fed R. Civ. P. 73(b), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment in this case.  Docs. 15, 24, 25.

[2]     Liberty Court Recorder – ABQ-Pecos_20240605, 9:59:28 AM – 10:37:32 AM.

## JURISDICTIONAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). The Court strictly construes statutes conferring jurisdiction, and resolves doubts against the exercise of jurisdiction. *United States ex rel. King v. Hillcrest Health Care Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1026 (10th Cir. 2013). Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss an action for lack of subject-matter jurisdiction, a defense properly raised by motion. "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). The Court cannot address the merits of a case until it has assured itself of jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Because a dismissal for lack of subject-matter jurisdiction is not a decision on the merits, it should be done without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

There is not significant dispute between the parties about the allegations in Plaintiff's Complaint, and in their Motion under Rule 12(b)(1), Defendants do not rely on material outside of the pleadings.[3] Though not specified or argued by the parties, the Court concludes that Defendants are mounting a facial attack to those allegations, as opposed to an attack on the factual basis for subject-matter jurisdiction, so it accepts the allegations as true. *Equal*

---

[3] The Court does not consider Defendants' arguments under Rules 12(b)(6) or 56 as it determines it is devoid of jurisdiction over Plaintiff's claims.

*Opportunity Comm'n v. 'Murica, LLC*, ___ F. Supp. 3d ___ , 2023 WL 6536783, at *2 (D. Colo. 2023).

## BACKGROUND

Carlos Rafael Velazquez held a Federal Thrift Savings Plan ("TSP") account and died on December 25, 2019.  Doc. 56 at 1.  Plaintiff was appointed Special Administrator of his estate by the Second Judicial District Court of the State of New Mexico.  *Id.*  Mr. Velazquez did not designate a beneficiary of his TSP benefits as relevant to this case.  *Id.* at 3.  He and his wife, Marilyn, had two sons, Roberto and Adrian.  *Id.*  On the date of his death, Mr. Velazquez killed Marilyn, Roberto, Adrian, and himself.  *Id.*  He is survived by his mother, Maria de la Luz Ramirez Lopez.  *Id.*  Marilyn is survived by her mother, Maria Gonzales Malave, and her father, Eduardo Quinones.  *Id.*

These surviving individuals disagreed regarding the beneficiaries of the estates of Mr. Velazquez and Marilyn, and participated in a mediation in the Second Judicial District Court where they reached a settlement agreement.  *Id.*  Ms. Ramirez Lopez agreed to have the TSP account balance and other benefits paid to the Estate of Carlos Rafael Velazquez.  *Id.*  The settlement agreement also provides that Plaintiff receive the TSP account benefits.  *Id.*  Defendant Federal Thrift Savings Fund ("Fund") will not disburse these funds on the basis that Plaintiff is not a beneficiary under 5 C.F.R. § 1651.2(1).

## ANALYSIS

In their Motion, Defendants argue, in relevant part, that the Court is devoid of jurisdiction because Plaintiff is not a TSP participant or beneficiary.  Doc. 60 at 6.  Plaintiff contends that her claims are justiciable because Mr. Velasquez's wife and children predeceased him and Ms. Ramirez Lopez "took affirmative steps to disclaim her interest" in Mr. Velasquez's TSP account

in a manner substantially compliant with 5 C.F.R. § 1651.17, which sets forth the procedure for a beneficiary to disclaim TSP account benefits and the validity of such disclaimer. Doc. 63 at 3, 7.

"[N]o money may be paid from federal employee savings funds established by Congress except as authorized by Congress." *Ferguson v. Long*, 885 F. Supp. 2d 294, 299 (D.D.C. 2012) (citing *Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990)). 5 U.S.C. §§ 8401-8480 is termed the "Federal Employee Retirement Systems Act" or "FERSA." Congress established a process for the proceeds of TSP account benefits when a participant dies without having designated a beneficiary. *See* 5 U.S.C. § 8433(e)(1). Section 8424(d) provides the following order of precedence for payment of TSP account benefits to surviving individuals:

> First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before the death of such employee or Member. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee or Member.
>
> Third, if none of the above, to the child or children of the employee or Member and descendants of deceased children by representation.
>
> Fourth, if none of the above, to the parents of the employee or Member or the survivor of them.
>
> Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee or Member.
>
> Sixth, if none of the above, to such other next of kin of the employee or Member as the Office determines to be entitled under the laws of the domicile of the employee or Member at the date of death of the employee or Member.

In pertinent part, Section 8477(e)(3) sets forth the actions a federal district court may hear when such actions are brought by participants, beneficiaries, or fiduciaries. A "'beneficiary'" is "an individual (other than the participant) entitled to payment from the Thrift Savings Fund."

Section 8471(1).  As relevant in the instant case, if Plaintiff cannot establish that she is a beneficiary of Mr. Velasquez's TSP account, she cannot avail herself of this Court's jurisdiction.  *See Firestone v. Fed. Ret. Thrift Inv. Bd.*, 375 F. Supp. 3d 102, 114 (D.D.C. 2019).  The Court concludes she cannot.

Plaintiff invokes this Court's jurisdiction[4] pursuant to Section 8477(e)(7)(A) ("The district courts of the United States shall have exclusive jurisdiction of civil actions under this subsection.").  Doc. 56 at 2.  Plaintiff, however, has not demonstrated that she is a beneficiary who now has precedence to collect Mr. Velasquez's TSP account benefits.  Indeed, under Section 8424(d), the surviving individual now eligible to collect is Ms. Ramirez Lopez, as Mr. Velasquez's mother, because Marilyn, Roberto, and Adrian predeceased Mr. Velasquez.  Plaintiff, as administrator of the Estate of Carlos Rafael Velazquez, is next in order of precedence.  It is Plaintiff's position that Ms. Ramirez Lopez has disclaimed her interest.  Doc. 63 at 4.  The Court disagrees.

The beneficiary of a TSP account may validly disclaim his or her interest (1) in writing; (2) in the presence of a notary; and (3) before the benefit is paid.  Any disclaimer is invalid if it (1) is revocable; (2) directs to whom the benefit should be paid; or (3) specifies the type of balance disclaimed.  5 C.F.R. § 1651.17(a)-(b).  There is no valid disclaimer in this case.

Plaintiff argues, without elaboration, that she "has a valid and justiciable claim that she is a beneficiary given the overt acts and declarations of [Ms.] Ramirez[ Lopez], which comport"

---

4   Plaintiff also invokes this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Doc. 56 at 2.  This is not, however, an independent basis of jurisdiction.  *Woods v. City & Cnty. of Denver*, 62 F. App'x 286, 289 (10th Cir. 2003).

with the requirements for disclaimer outlined above.[5]  Doc. 63 at 4.  That is not the case, and the settlement agreement[6] does not substitute for a properly executed disclaimer:

> FERSA's order of precedence expressly bars any claim to a TSP account based on a designation, change, or cancellation of beneficiary in a will or other document. The statute, accordingly, restricts the method by which an employee may designate his beneficiary and prohibits distributions to anyone other than the properly designated beneficiary.  The order-of-precedence provision also expressly states that payment to the designated beneficiary bars recovery by any other individual.

*Evans v. Diamond*, 957 F.3d 1098, 1103 (10th Cir. 2020) (internal quotation marks and citations omitted)).  Even assuming, *arguendo*, that the settlement agreement could constitute a disclaimer, such disclaimer is invalid.  Doc. 56 at 18-25.  First, Ms. Ramirez Lopez did not affix her signature in the presence of a notary.  *Id.* at 20.  Moreover, Plaintiff's position is that the TSP account benefits should be paid to her as the administrator of Estate of Carlos Rafael Velazquez pursuant to the terms of the settlement agreement.[7]  *Id.* at 4, 8.  This is directly contradictory to the spirit of the disclaimer regulations, which specify that a beneficiary disclaiming his or her interest may not direct to whom the benefit should be paid.  5 C.F.R. § 1651.17(c)(3).

In sum, Plaintiff has not demonstrated that she is a beneficiary of Mr. Velazquez's TSP account.  Consequently, she has not demonstrated that the Court has subject-matter jurisdiction

---

[5]  In her Complaint, Plaintiff states that the settlement agreement "substantially complies with the requirements in 5 C.F.R. § 1651.17."  Doc. 56 at 7.  She does not develop an argument for substantial compliance in her response to the Motion.  *See* Doc. 63 at 3-4.  Even if she did and substantial compliance was demonstrated, it does not appear to be permissible in this context.  *See Firestone*, 375 F. Supp. 3d at 114.

[6]  The entirety of the settlement agreement is incorporated into Plaintiff's Complaint by reference, Doc. 56 at 4, and thus properly considered for resolution of Defendants' Motion.  *See, e.g.*, *Teodosio v. DaVita, Inc.*, 684 F. Supp. 3d 1117, 1124 (D. Colo. 2023).  The portion of the settlement agreement relied upon by Plaintiff as demonstrating disclaimer by Ms. Ramirez Lopez refers to an exhibit that lists Mr. Velasquez's TSP account as an asset.  Doc. 56 at 19.  The terms of the settlement agreement dictate that this asset and others "shall be marshaled by [Plaintiff], and held in the estate account of the Estate of Carlos Velasquez" and that the parties to the settlement agreement "agree to assist [Plaintiff] in any fashion she may require, and to execute any and all documents necessary to marshal the assets."  *Id.*

[7]  *See supra* note 6.

over her claims. *See Firestone*, 375 F. Supp. 3d at 114. The Court therefore concludes that jurisdiction is lacking and Plaintiff's claims for relief must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge,
Presiding by Consent