IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GENEVIEVE M. LAWSON, Special
Administrator of the Estate of Carlos
Rafael Velazquez, Deceased,

      Plaintiff,

      vs.                           Civ. No. 22-107  JFR/LF

RAVINDRA A. DEO, Executive Director,
Federal Retirement Thrift Investment Board,
and FEDERAL THRIFT SAVINGS FUND, an
agency of the United States,

      Defendants.


**MEMORANDUM OPINION AND ORDER[1]**

      **THIS MATTER** is before the Court on Plaintiff's Rule 60(b)(6) Motion for Relief From Judgment ("Motion for Relief"), filed July 3, 2024.  Doc. 72.  On July 21, 2024, Defendants filed a Response.  Doc. 75.  On August 28, 2024, Plaintiff filed a Reply.  Doc. 80.  Having considered the briefing and the relevant law, and being otherwise advised in the premises, the Court finds the Motion for Relief is not well taken and is **DENIED**.

## I. PROCEDURAL BACKGROUND

      The relevant factual background is known to the parties and need not be repeated here. Plaintiff's Second Amended Complaint sought declaratory judgment and injunctive relief with respect to Plaintiff's entitlement to and payment of death benefits from a Thrift Savings Plan Account ("TSP Account") of decedent Carlos Rafael Velazquez ("Decedent").  Doc. 56.  Plaintiff

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed R. Civ. P. 73(b), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment in this case.  Docs. 15, 24, 25.

asked the Court to enter a declaration that Decedent's mother, Maria de la Luz Ramirez Lopez ("Ramirez"), relinquished her rights as a statutory beneficiary of the Decedent's TSP Account pursuant to the terms of a Mediation Settlement Agreement entered into by the parties; that the Estate of Carlos Rafael Velazquez ("Estate") is the sole beneficiary of the TSP Account; and that Plaintiff, as the duly appointed Special Administrator for the Estate, is entitled to seek and receive payment of the TSP Account death benefits for distribution on behalf of the Estate.  Doc. 56 at 2-3.  Plaintiff also asked the Court for an injunction enjoining Defendants from distribution of the TSP Account death benefits until the Court declares the rights, duties, and obligations of the parties.  *Id.* at 9-10.  In response, Defendants filed a Motion to Dismiss based on lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Doc. 60.  Defendants argued that Plaintiff was neither a TSP participant nor a designated beneficiary of the TSP Account such that this Court lacked subject matter jurisdiction to consider Plaintiff's claims.  *Id.*

On June 6, 2024, the Court entered its Memorandum Opinion and Order granting Defendants' motion and dismissing Plaintiff's Second Amended Complaint without prejudice for lack of subject matter jurisdiction.   Doc. 70.  In its analysis, the Court discussed the applicable federal statutes and regulations governing death benefits payment from federal employee savings funds, the order of precedence for payment of TSP Account death benefits to individuals surviving the employee/member, and the necessary requirements for a valid disclaimer of a beneficiary's interest in TSP Account benefits.  *Id.*  Having done so, the Court concluded that Plaintiff failed to demonstrate that Ramirez validly disclaimed her right to receive the TSP Account death benefits pursuant to 5 C.F.R. § 1651.17(b),[2] and that Plaintiff, therefore, was not a

---

[2] 5 C.F.R. § 1651.17(b) provides that a valid disclaimer

2

beneficiary of the TSP Account pursuant to Section 8424(d)'s order of precedence for payment.[3]
*Id.*  Because Plaintiff failed to establish she was a beneficiary of the TSP Account, the Court
concluded she could not avail herself of this Court's jurisdiction under Section 8477(e).[4]  *Id.*

## II. <u>ARGUMENTS</u>

In her Motion for Relief now before the Court, Plaintiff presents certain facts which she
asserts were not previously presented to or considered by the Court in determining her standing
and this Court's jurisdiction.  The facts Plaintiff presents are as follows:

a.  Following mediation in Case No. D-202-PB-2020-00302, In the Matter of the
Estate of Carlos Rafael Velasquez, Ramirez failed to comply, in bad faith and/or in

---

must expressly state that the beneficiary is disclaiming his or her right to receive either all or a stated
percentage of the death benefit payable from the TSP account of the named participant and must be:

    (1)      Submitted in writing;
    (2)      Signed or acknowledged, in the presence of a notary, by the person (or legal
               representative) disclaiming the benefit; and
    (3)      Received before the TSP pays the death benefit.

[3] Section 8424(d) provides the following order of precedence for payment of TSP account benefits to surviving
individuals:

First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and
witnessed writing received in the Office before the death of such employee or Member. For this
purpose, a designation, change, or cancellation of beneficiary in a will or other document not so
executed and filed has no force or effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee or Member.

Third, if none of the above, to the child or children of the employee or Member and descendants of
deceased children by representation.

Fourth, if none of the above, to the parents of the employee or Member or the survivor of them.

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the
employee or Member.

Sixth, if none of the above, to such other next of kin of the employee or Member as the Office
determines to be entitled under the laws of the domicile of the employee or Member at the date of
death of the employee or Member.

[4] 5 U.S.C. § 8477(e) furnishes exclusive jurisdiction over Federal Employees' Retirement System Act ("FERSA")
claims to federal district courts.  5 U.S.C. § 8477(e)(7)(A).  Section 8477(e) provides that only participants or
beneficiaries may bring a civil action to recover, enforce or clarify their rights with respect to the payment of benefits.
5 U.S.C. § 8477(e)(3)(C).

a fraudulent matter, with the agreements set forth and as agreed by all parties, and the court's orders requiring Ramirez's compliance;

b.   Ramirez then absconded to Mexico having misappropriated approximately $250,000.00 in funds belonging to the Estate;

c.   Ramirez was held to have materially breached the Settlement Agreement, was ordered to return the funds to the Estate, and to sign the disclaimer required by TSP. (Attachments A and B to Exhibit 1, Joint Motion to Appoint Special Master to Execute Documents);

d.   All parties to the case moved jointly to appoint a Special Master to effect ministerial, and other acts, including specified acts which Ramirez fails or refuses to complete pursuant to the Settlement Agreement (Exhibit 1);

e.   The court in Case No. D-202-PB-2020-00302, In the Matter of the Estate of Carolos Rafael Velasquez, specifically then ordered that a Special Master be appointed for the specific and limited purpose of signing the TSP Disclaimer form on behalf of the non-compliant party, Ramirez.  (Exhibit 2, Order Appointing Special Master to Execute Thrift Savings Plan Disclaimer).  The Order appointing the Special Master was provided for counsel for Defendants via e-mail on December 4, 2023;

f.   The Special Master, having full legal authority to sign the specific TSP Disclaimer, did in fact sign the TSP Disclaimer, in front of a notary on December 5, 2023.  (Exhibit 3, Executed Disclaimer – Thrift Savings Plan).  Plaintiff was informed that Defendants would not accept the TSP Disclaimer form signed by the Special Master, despite the Special Master's signatory authority.

Doc. 72 at 3-4.  Plaintiff argues these facts demonstrate the extraordinary circumstances surrounding Plaintiff's difficulties in securing the disbursement of the TSP Account death benefits to her and the lengths to which she has gone to submit a valid disclaimer.  *Id.*  Plaintiff further argues that the state district court granted the Special Master legal authority to sign the disclaimer on behalf of Ramirez, and that the disclaimer is as valid as if were signed by a Power of Attorney, a court-ordered Conservator, or Ramirez herself.  *Id.*

In its Response, Defendants argue that Plaintiff could have but failed to raise these arguments in her response to the underlying motion to dismiss and, therefore, cannot demonstrate any extraordinary circumstances that prevented her from doing so such that relief

from the Court's order is warranted.  Doc. 75 at 3-4.  Defendants also argue that federal law preempts Plaintiff's claims and that Plaintiff cannot overcome the hurdle that precludes acceptance of the disclaimer signed by the Special Master in Ramirez's stead.  *Id.* at 5-7. Defendants explain that FERSA preempts any conflicting state property rights, including settlement agreement terms or the appointment of a Special Master, and that Supreme Court and Tenth Circuit case law support that FERSA's order of beneficiary preference expressly bars any claim to TSP account death benefits based on a designation or change or cancellation of beneficiary "in a will or other document."  *Id.* (citing *Evans v. Diamond*, 957 F.3d 1098, 1103 (10th Cir. 2020) (citing 5 U.S.C. § 8424(d))).  Defendants argue that because TSP cannot accept a disclaimer form signed by a Special Master appointed by a state court, the federal district court does not have jurisdiction to entertain Plaintiff's claim for benefits because she is not a plan participant and does not qualify as a beneficiary.  *Id.*

In her Reply, Plaintiff contends that extraordinary circumstances are present here and that this Court's failure to intervene will lead to an "unfortunate miscarriage of justice to allow the unjust enrichment of Ramirez."  Doc. 80 at 2-3.  Plaintiff argues that the Special Master signed the appropriate disclaimer as someone with legal authority to do so and with all the rights and responsibilities of the disclaimant for the limited purpose of executing TSP's waiver form.  *Id.* at 3-4.  Plaintiff argues, therefore, that "[i]t is a mistake to differentiate between the Special Master and the person on whose behalf the Special Master was authorized to sign, Ramirez."  *Id.* Plaintiff further argues that the regulations do not forbid a valid legal representative from officially disclaiming an interest in TSP Account death benefits, and "in fact expressly permits acknowledgement of the appropriate forms by a legal representative.  *Id.* at 5 (citing C.F.R. § 1651.17(b)(1)-(3)).

### III.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 60(b) provides six grounds for relief from a final

judgment, order or proceeding as follows:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation,
or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1) – (6).  Rule 60(b)(6) is a "grand reservoir of equitable power to do justice

in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (internal

quotation marks omitted).  "The Rule does not particularize the factors that justify relief, but we

[, the Supreme Court of the United States,] have previously noted that it provides courts with

authority 'adequate to enable them to vacate judgments whenever such action is appropriate to

accomplish justice,' " *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64,

(quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)), "while also cautioning that it

should only be applied in 'extraordinary circumstances.' " *Liljeberg*, 486 U.S. at 864 (quoting

*Ackermann v. United States*, 340 U.S. 193, 193, (1950)).  Legal error that provides a basis for

relief under rule 60(b)(6) must be extraordinary, as the Tenth Circuit discussed in *Van Skiver*:

The kinds of legal error that provides the extraordinary circumstances justifying
relief under Rule 60(b)(6) is illustrated by *Pierce* [*v. Cook & Co.,* 518 F.2d 720, 722
(10th Cir. 1975) (en banc) ].  In that case, this court granted relief under 60(b)(6)
when there had been a post-judgment change in the law "arising out of the same

6

accident as that in which the plaintiffs . . . were injured." *Pierce v. Cook & Co.*, 518 F.2d at 723.  However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6).  *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958).

*Van Skiver*, 952 F.2d at 1244-45.  Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate ... when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

While Rule 60(b)(6) provides courts with broad equitable power, that power is tempered by a stringent standard required to exercise that power.  The standard is whether relief is warranted given the "extraordinary circumstances." *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1009 (10th Cir. 2000).  The Supreme Court of the United States indicated that the term "extraordinary circumstances" contemplates that the party is "faultless" or not "partly to blame." *Pioneer Inv. Services Co. v Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993). Case law interpreting rule 60(b)(6) is consistent that relief is not proper based upon misconduct or litigation choices made by the party seeking relief.  *See Blanchard v. Cortes-Molina*, 453 F.3d 40, 44 (1st Cir. 2006) ("to justify relief under Rule 60(b)(6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay.  If a party is partly to blame, Rule 60(b)(6) relief is not available."); *Mitchell v. Hobbs*, 951 F.2d 417, 420 (1st Cir. 1991) ("Relief from judgment cannot be obtained under Rule 60(b)(6) unless the movant can demonstrate that 'extraordinary circumstances' prevented a timely appeal."); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (holding that relief not proper when party did not act diligently to protect own rights).

7

## IV.  <u>ANALYSIS</u>

Plaintiff has not presented sufficient grounds for the Court to change its Order granting Defendants' Motion to Dismiss or provide the relief Plaintiff seeks.  Plaintiff does not argue that there has been an intervening change in the controlling law with respect to the Court's jurisdiction.  Instead, Plaintiff presents facts for the Court's consideration in her Motion for Relief that, while admittedly grievous, were available to Plaintiff both when she filed her Second Amended Complaint and filed her Response to Defendants' Motion to Dismiss.[5]  Beyond being "new" information that was not previously raised, Plaintiff's facts fail to demonstrate the kind of extraordinary circumstances contemplated by Rule 60(b)(6) to support the relief she seeks.  *See Van Skiver*, 952 F.2d at 1244-45; *see also Martinez v. Dart Trans, Inc.,* 547 F. Supp. 3d 1153, 1179 (D.N.M. 2021) (providing examples of where courts apply Rule 60(b)(6)); *Morris v. Sutton*, 2019 WL 6250698, at *6 (E.D. Cal. Nov. 22, 2019) (providing six examples of situations where extraordinary circumstances existed and warranted judicial relief under Rule 60(b)(6)).

Further, Plaintiff fails to provide any legal argument or authority to alter the Court's decision regarding its jurisdiction to hear Plaintiff's claims because the disclaimer signed by the Special Master is equally invalid.  Plaintiff argues that she obtained a state district court order appointing a Special Master for the purpose of signing the TSP disclaimer form on behalf of Ramirez.  This order, Plaintiff argues, conferred the Special Master with the necessary authority and duty to sign on Ramirez's behalf and disclaim Ramirez's right to receive the TSP death

---

[5] Plaintiff filed her Second Amended Complaint on February 27, 2024 (Doc. 56), approximately three months *after* the state district court entered an order appointing a Special Master and *after* the Special Master signed the TSP Disclaimer Form.  Yet Plaintiff did not refer to her efforts to obtain the TSP Account death benefits via a Special Master in her Second Amended Complaint.  Plaintiff filed her Response to Defendants' Motion to Dismiss on March 26, 2024 (Doc. 60) and similarly was silent as to her efforts in this regard.  On June 5, 2024, the Court held a hearing on Defendants' Motion to Dismiss at which time Plaintiff informed the Court generally of Rivera's breach of the Mediation Settlement Agreement but did not inform the Court of her efforts to obtain the TSP Account death benefits via a Special Master.  *See* Liberty Court Recorder – ABQ-Pecos_20240605, 9:59:28 AM – 10:37:32 AM.

benefits.  The state court's order, however, relies on Rule 1-070,[6] a state rule governing the process for appointing a Special Master that is "not designed to affect jurisdiction and generally operates only as to land within the jurisdiction of the court."  *Fenner v. Fenner*, 738 P.2d 908, 913 (N.M. App. 1987) (citing *Moore's Federal Practice* ¶¶ 70.02 and .03).[7]  Thus, the state court's order fails to provide a sufficient basis to ignore federal preemption principles and the jurisdictional requirements applicable in this case.  *See* 5 U.S.C. § 8437(e)(2) (explaining that "sums in the Thrift Savings Fund may not be assigned or alienated and are not subject to execution, levy, attachment, garnishment, or other legal process.").

Additionally, the Court is not persuaded that a Special Master functions in the same capacity as a legal representative as Plaintiff argues.  A "legal representative" is (1) a legal heir; (2) an executor, administrator, or other legal representative; or (3) someone who manages the legal affairs of another because of death.  *See Representative*, Black's Law Dictionary (11th ed. 2019) (defining "legal representative" to include "lawful representative" or "personal representative").  A "legal representative" is not necessarily restricted to the personal representative of one who is deceased, but includes all "persons who, with respect to his

---

[6] Rule 1-070 states in pertinent part that

> [i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

NNRA, Rule 1-070.

[7] *Moore's Federal Practice* states in pertinent part:

> Rule 70 is intended primarily to prevent recalcitrant parties from frustrating court orders for the performance of specific acts.[]  The Rule is solely procedural and remedial.  It has no effect on the independent requirements of . . . subject matter jurisdiction.[]

*Moore's Federal Practice* ¶ 70.02[1].

property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law." *Mut. Life Ins. Co. v. Armstrong*, 117 U.S. 591, 597 (1886).  Plaintiff argues that by signing the TSP disclaimer on Ramirez's behalf, the Special Master is furthering Ramirez's interests by ensuring her compliance with the law.  This, however, misses the mark where it is clear that the Special Master in this case is not representing Ramirez's interests with respect to the property at issue, *i.e.,* the TSP Account death benefits, but instead is representing the Estate's interests in the property.  Moreover, despite having signed off on the Mediation Settlement Agreement that the TSP Account death benefits would be included as part of the Estate assets, attachments to Plaintiff's Motion for Relief demonstrate that when Ramirez was presented with an opportunity to sign a disclaimer, she refused to do so.  Doc. 72-1 at ¶ 5.

Last, the Court is not persuaded that the cited regulation's reference to "legal representative" is so broad as to include the Special Master as a legal signatory.  The applicable regulation provides that a valid disclaimer must, *inter alia*, be "[s]igned or acknowledged in the presence of a notary, by the person (*or legal representative*) disclaiming the benefit."  5 C.F.R. § 1651.17(b)(2) (emphasis added).  Notably, however, the language that immediately precedes paragraph (b) explains that "[i]f a disclaimant is a minor, the parent or guardian of the minor must sign the disclaimer."  5 C.F.R. § 1651.17(a).  Additionally, other informative statutory language explains that a "representative payee" is a person designated to receive payment of benefits due to a minor or an individual mentally incompetent or under a legal disability.  *See* 5 U.S.C. §§ 8331(33) and 8345(e)(1).

All to say, the Court is not persuaded that the term "legal representative" can be so broadly construed as to include a Special Master, who in this case seeks to disclaim benefits on behalf of a beneficiary, Ramirez, who is not a minor, who is not incapable of acting on her own

10

behalf, and who has refused to disclaim her interests in the TSP Account benefits despite her earlier agreement to do so.

In sum, Plaintiff has not demonstrated extraordinary circumstances to support the relief she seeks pursuant to Rule 60(b)(6).  Further, the Court dismissed the instant action without prejudice for lack of subject matter jurisdiction and Plaintiff has presented no argument or authority in her Motion for Relief demonstrating that she is a beneficiary of the TSP Account to avail herself of this Court's jurisdiction.  For these reasons, the Court finds that Plaintiff's Rule 60(b)(6) Motion for Relief From Judgment is not well taken and is **DENIED**.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**